# IN the MATTER OF the 1987 STATE BAR DUES REFERENDUM.

Supreme Court

*No. 87–0713–OA. Filed June 26, 1987.*

(Also reported in 407 N.W.2d 919.)

**PER CURIAM.**

In this original action the court is asked to order the State Bar of Wisconsin to hold a referendum, pursuant to SCR 10.08,[1] on the issue of membership

---

[1] SCR 10.08 provides:

**Referendum procedure.** (1) Governors may initiate. The board of governors may at any time, by the affirmative vote of two-thirds of its membership, refer to the active members of the association for determination by mail ballot, any question of association policy.

(2) Assembly may initiate. The board of governors shall submit, in like manner, for determination by the active members of the association, any question of association policy, including proposed changes in the rules or bylaws of the association, if directed to do so by resolution adopted at any assembly by the affirmative vote of those voting. Any such resolution directing the

dues for fiscal year 1988. On March 31, 1987 the petitioner here and more than 300 other members of the State Bar filed a petition, pursuant to SCR 10.08(3), for a referendum on membership dues, but the State Bar refused to conduct the referendum. Because the referendum had been properly initiated by membership petition and because the State Bar's refusal to conduct the referendum was unjustified, we order the State Bar to hold a referendum on the issue of membership dues for fiscal year 1988.

However, the court is aware that its rules set forth no specific procedures for the conduct of a referendum and that this has resulted in issues being raised in this case and in a recent referendum case[2] with respect to the referendum petitioners' rights to have their position publicized and disseminated to the State Bar's membership and to take part in the actual conduct of the referendum. Because specific procedures addressing these and other matters concerning

board of governors to propose changes in the rules is not effective unless adopted at 2 consecutive meetings of the assembly.

(3) Members may initiate by petition. The board of governors shall submit, in like manner, for determination by the members of the association, any question of association policy, including proposals for changes in the rules or bylaws, if directed to do so by a petition signed by not less than 300 active members of the association.

(4) Procedure. Ballots for use in any such referendum shall be prepared, distributed, returned and counted in accordance with regulations prescribed by the board of governors. The result of a referendum, as determined by a majority of the votes cast, when duly ascertained shall be published by the board of governors in the official bar bulletin and shall control the action of the association, the board of governors, the officers, sections and committees.

[2]*In the Matter of the Review of the State Bar Dues Increase,* 136 Wis. 2d 546, 407 N.W.2d 228.

fairness in the conduct of a referendum have not yet been codified, the court will appoint a master to assist the petitioners and the State Bar in attempting to reach agreement upon a set of procedures for the conduct of the referendum ordered herein.

This means of establishing procedures to ensure fairness in the conduct of a referendum applies to only this referendum. To avoid the necessity of employing the same or similar measures for referenda which might be initiated subsequently and before codification of necessary procedures, we deem it advisable to declare a moratorium on the use of the referendum procedure under SCR 10.08 until the court adopts rules governing the conduct of State Bar referenda.[3]

In its response to the petition in the matter before us, the State Bar argued that the court should not order a referendum at this time because there is now pending before the court a petition of the State Bar to amend the Supreme Court Rules concerning the setting of membership dues and the use of a referendum in connection therewith. It is the State Bar's

---

[3]In its opinion in *In the Matter of the Review of the State Bar Dues Increase, supra,* the court urged the referendum petitioners, the board of governors of the State Bar or any other member of the State Bar to petition the court for rules which would establish additional procedures to regulate referenda. Subsequently, by order of June 5, 1987, the court ordered the State Bar to file a petition for the adoption of rules establishing specific procedures to ensure fairness and effectiveness in the conduct of referenda and scheduled a public hearing on October 13, 1987 on the rules to be proposed by the State Bar. The court anticipates that other interested persons will also propose rules of procedure for consideration at that public hearing. Following that hearing, the court will adopt rules governing the procedure to be followed in State Bar referenda.

position that action on the petitioner's request to order a referendum should be stayed until the court has had an opportunity to act on the proposed rule changes. This argument fails to take into account that any action the court might take on the State Bar's rule amendment proposal would not affect either the rights of the referendum petitioners or the obligations of the State Bar with respect to the dues referendum petition filed with the State Bar on March 31, 1987, inasmuch as the referendum had been initiated by membership petition well before the rule amendment proposal was filed on May 13, 1987.

Furthermore, in the case in which a prior dues referendum was held to be a nullity because the petition was filed after the State Bar board of governors had placed the issue of membership dues on the agenda of the January, 1986 assembly of members meeting, *In the Matter of the Review of the State Bar Dues Increase,* 136 Wis. 2d 546, 407 N.W.2d 228, (1987), the court acknowledged the right of members to have the level of dues determined by referendum vote: "We emphasize and the State Bar concedes that by filing a new petition 300 members could secure a referendum vote to decide the level of State Bar dues." Slip opinion page 853. The referendum petition filed March 31, 1987 is such a "new" petition.

In addition to requesting a referendum, the petitioner in this action asked the court to prohibit the State Bar from mailing annual dues statements to its membership for the 1988 fiscal year until the requested referendum is held, to require the State Bar to adequately advertise the referendum and allow the referendum petitioners a mailing to be included with any materials the State Bar sends to its membership

regarding the referendum, to award the petitioner costs on this petition and to admonish the State Bar for its refusal to comply with the court's referendum rules. We take notice that the State Bar annual dues statements for the 1988 fiscal year have already been mailed to the membership; consequently, the petitioners' request in that regard is moot. The petitioners' request for adequate publication of the referendum and participation in State Bar mailings to its membership is referred to the master for consideration. With respect to the remaining requests, we decline to grant the relief.

Because we are ordering that a referendum be held, it is appropriate to address the manner in which that referendum is to be conducted. The court has recently acknowledged that additional codified procedures are necessary "to assure fair and orderly conduct of State Bar referenda." *In the Matter of the Review of the State Bar Dues Increase, supra,* 7. We considered that such procedures, including time requirements for the filing of a referendum petition and the State Bar's obligation to facilitate referendum petitioners' communication with the membership, are appropriately addressed by rule-making and we urged the State Bar, its members and the referendum petitioners to petition the court for rules to institute those procedures. Neither the State Bar nor the referendum petitioners have done so.[4]

---

[4]The State Bar did file on May 13, 1987 a petition for rule amendments which included the referendum rule, but the proposed amendments concern only those rules dealing with the required number of signatures of active members on a referendum petition and what constitutes a referendum vote sufficient to control the actions of the State Bar. The petition did not propose rules of procedure to ensure fairness in the conduct of a referen-

Thus, at present there are no rules setting forth specific procedures for the conduct of this referendum on the fiscal 1988 State Bar membership dues. Nevertheless, it is the obligation of the State Bar board of governors to see that a fair and effective referendum is held. *Id.,* 853, citing *State ex rel. Armstrong v. Board of Governors,* 86 Wis. 2d 746, 273 N.W.2d 356 (1979). To that end, the court will appoint a reserve judge to serve as master to the court. The master shall meet with the petitioners and the State Bar and assist them in attempting to reach agreement on specific procedures to govern the conduct of the referendum. Those procedures shall address, without limitation, the following:

(1) The extent to which the State Bar shall publish in the *Wisconsin Bar Bulletin,* at no charge, material on the referendum question provided by the petitioners.

(2) Whether the petitioners shall be afforded the opportunity to have included in any mailings by the State Bar to its membership on the referendum question materials supplied by petitioners.

(3) How the wording of the referendum question shall be determined.

(4) Whether a representative of the petitioners shall be included in a committee or other body appointed by the State Bar to conduct the referendum.

The parties may stipulate to such other matters of procedure as they may deem necessary or advisable for the conduct of the dues referendum.

---

dum. For this reason, the court ordered the State Bar to propose "fairness" rules for the court's consideration. *See* n. 3.

In the development of procedures to govern this referendum, the parties and the master are to be guided by the court's statement in *State ex rel. Armstrong v. Board of Governors, supra,* regarding the obligation of the State Bar to see that a fair and effective referendum is held:

> "... When 300 or more active members of the bar join to request that a matter of State Bar policy be put before the entire membership by referendum, the Board of Governors, whatever its own feeling on the question, must faithfully and conscientiously represent the membership, both those invoking the referendum procedure and those who have the right to vote on questions of association policy. It has the duty under Rule 7 to submit questions of association policy to the membership in a form that is clear, intelligible and meaningful, for the results of the referendum, as determined by a majority of the votes cast, 'shall control the action of the association, the board of governors, the officers, sections and committees.'" *Id.,* 750.

The master shall report to the court any procedures agreed upon by the parties to govern this referendum; to the extent the parties fail to reach agreement on procedures addressing matters specified in this opinion or matters the master may deem necessary or advisable, the master shall make recommendations to the court. The parties may file a response to the master's recommendations within 15 days of the filing of the master's report. Upon consideration of the master's report and the responses thereto, the court shall adopt procedures to govern the conduct of the referendum. As the referendum concerns the State Bar's membership dues for fiscal 1988, commencing July 1, 1987, the result of the referen-

dum, determined pursuant to SCR 10.08(4), shall establish the amount of dues payable by the membership for that fiscal year, and the State Bar shall make any necessary adjustments to its members and to its budget as the result may require.

IT IS ORDERED that this matter is referred to the Honorable Henry G. Gergen, Jr., reserve judge, as master to conduct proceedings consistent with this opinion and that the master shall file his report with the court within 60 days of the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of the filing of the master's report with the court the State Bar shall conduct a referendum on the fiscal 1988 membership dues as initiated by the petition filed with the State Bar on March 31, 1987, and that the referendum shall be conducted pursuant to SCR 10.08 and in a manner consistent with this opinion.

IT IS FURTHER ORDERED that no referendum other than that ordered herein shall be initiated or conducted pursuant to SCR 10.08 from the date of this order and until further order of the court.